UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 23-cv-60654 BB

PROGRESSIVE EXPRESS INSURANCE COMPANY,
        Plaintiff,
vs.

RASIER (FL), LLC, a foreign limited liability company;
UBER TECHNOLOGIES, INC., a foreign corporation;
CHRISTOPHER BERNADEL, individually; and
APRIL N. MCGLASHAN, as Personal Representative of
the Estate of Miles McGlashan, Deceased,
        Defendants.
_____/

## DEFENDANT CHRISTOPHER BERNADEL'S MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW the Defendant, CHRISTOPHER BERNADEL, by and through the undersigned counsel, and moves this Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to enter Judgment on the Pleadings, and in support thereof states as follows:

1. Rule 12(c) of the Federal Rules of Civil Procedure provides that "After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings."

2. A party may move for judgment on the pleadings under Rule 12(c) after the pleadings have closed, which occurs after the filing of the complaint and an answer. Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. List., 631 F. App'x 851, 853 (11th Cir. 2015).

3. The pleadings are closed for purposes of Rule 12(c), "when a complaint and answer have been filed." Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist., 631 Fed. Appx. 851, 853 (11th Cir. 2015). Pleadings include the complaint, answers, and affirmative defenses. FED. R. CIV. P. 7(a). As of the date of filing of the instant motion, the pleadings are closed.

1

4. A motion for judgment on the pleadings may be granted "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). In determining whether a party is entitled to judgment on the pleadings, the Court must accept as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014).

5. "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Id. A judgment on the pleadings is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).

6. "Exhibits or attachments to pleadings are considered part of a pleading and may be considered on a motion for judgment on the pleadings." Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002).

7. The 11th Circuit has held that insurance coverage disputes that involve the application of policy language to undisputed facts are appropriate for resolution under Rule 12(c). See Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, 964, 967 (11th Cir. 2014)

**STATEMENT OF UNDISPUTED FACTS**

8. On March 1, 2022, Plaintiff Progressive issued a commercial auto policy to Defendant Rasier as a named insured.

9. Defendant Uber was a named insured under the Period 2-3 policy.

10. The Period 2-3 Policy contained an additional definition for the term "insured," which included a "TNC driver" such as Christopher Bernadel.

11. On November 9, 2022, Defendant Christopher Bernadel logged into the "Uber" ride share application.

12. On November 9, 2022, decedent Miles McGlashan, made a request for a ride utilizing the Uber application.

13. Defendant Christopher Bernadel accepted Miles McGlashan's request for a rider through the Uber application.

14. After picking up Miles McGlashan, a dispute arose between decedent McGlashan and Defendant Christopher Bernadel.

15. As a result of the disagreement, Miles McGlashan exited the vehicle after Christopher Bernadel pulled over his vehicle.

16. Defendant Christopher Bernadel subsequently exited the vehicle and another altercation resulted.

17. At some point during that altercation, Christopher Bernadel drew a pistol and shot decedent.

18. On March 9, 2023, Defendant April N. McGlashan, as personal representative of the Estate of Miles McGlashan, file a lawsuit in the 17th Judicial Circuity in and for Broward County, Florida, Case No. CACE-23-003146.

19. That lawsuit was amended in which Defendant April N. McGlashan asserted claims against Christopher Bernadel (for battery) Uber (Count II negligence) and Rasier (Count III negligence). Two of these claims fall within the scope of the insurance policy coverage.

20. On April 6, 2023, Progressive filed its declaratory action in the United States District Court for the Southern District of Florida. Said declaratory action failed to allege where Plaintiff the underlying Broward County caused has caused it injury in fact.

21. As of the date of filing of Defendant Christopher Bernadel's Motion for Judgment on the Pleadings, the Broward County lawsuit filed by April N. McGlashan is still pending and unresolved.

## MEMORANDUM OF LAW IN SUPPORT OF DIMISSING PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF STANDING

22. Plaintiff's complaint should be dismissed for being premature or lack of justiciable controversy. In <u>Northland</u>, the plaintiff insurance company asked the court to declare that it was not required to indemnify the defendant. <u>Northland Cas. Co. v. HBE Corp</u>., 160 F. Supp. 2d 1348 (M.D. Fla. 2001). Like the plaintiff in this case, the plaintiff in <u>Northland</u> brought an action seeking a declaration that it was not required to indemnify or defend the defendant insured for expenses incurred with respect to five underlying suits alleging discriminatory treatment of hotel patrons based on their race. <u>Id.</u> In evaluating the plaintiff's duty to indemnify, the Northland Court noted that **because one of the underlying lawsuits remained pending**, the issue of the plaintiff's duty to indemnify the defendant was not ripe for adjudication. The Northland Court further noted that the plaintiff was under no obligation to pay **until the resolution of the underlying lawsuits brought those matters within the scope of coverage under the insurance policy**. "Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of

the underlying claim." Northland Cas. Co. v. HBE Corp., 160 F. Supp. 2d 1348 (M.D. Fla. 2001).

23. Plaintiff Progressive also lacks standing in the instant action. Standing under Article III of the US Constitution has three elements: "(1) the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Fla. Family Policy Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009). In this case, the underlying wrongful death action brought by April N. McGlashan, as personal representative of the Estate, is still pending. Defendant Bernadel respectfully asks this Court to take judicial notice that the underlying wrongful death case is still pending in the Circuit Court of 17th Judicial Circuit, in and for Broward County, Case No. CACE-23-003146. Therefore, Progressive, as plaintiff in the instant action, has not suffered a concrete, particularized injury. The personal representative may yet dismiss her wrongful death claim against Defendant Bernadel, leaving no imminent or actual injury to Progressive. Moreover, a jury in the underlying case may yet find Defendant Bernadel not liable. Therefore, Progressive's declaratory action is based on a conjectural or hypothetical injury.

24. Moreover, while a federal district court may have subject matter jurisdiction over a declaratory action, the plaintiff's well-pleaded complaint must "allege facts demonstrating

the defendant could file a coercive action *arising under federal law*." Household Bank v. JFS Grp., 320 F.3d 1249, 1259 (11th Cir. 2003) emphasis added). In this case, the underlying wrongful death case arises under state law. As such, it does not present a substantial federal question.

25. In its Amended Complaint, Plaintiff alleges that this Court has jurisdiction over the declaratory action "Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto, and to give such relief as it deems necessary under the facts and circumstances."[1] However, a closer reading of U.S.C. §§ 2201 provides that, "In a case of **actual controversy** within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added). Because the underlying wrongfully death case has not yet been resolved, there is no actual controversy for purposes of U.S.C. §§ 2201.

26. As the 11th Circuit has held, "[t]he party invoking federal jurisdiction bears the burden of proving standing." Bischoff v. Osceola Cty., 222 F.3d 874, 878 (11th Cir. 2000) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

27. A litigant has standing, for purposes of the Art. III "case" or "controversy" requirement, if he "alleges that the challenged action **has caused** him injury in fact, economic or otherwise." Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 152 (1970) (emphasis added). As the Northland court cited earlier stated, Plaintiff is under

---

[1] Page 11, paragraph 54 of Plaintiff's Amended Complaint.

no obligation to pay until the resolution of the underlying wrongful death lawsuit bring those matters within the scope of coverage under the insurance policy. Since Plaintiff Progressive invoked standing for the instant declaratory action, Defendant Christopher Bernadel respectfully submits that Plaintiff has not met its burden of proving standing.

28. Therefore, Defendant Christopher Bernadel respectfully ask this Court to enter judgment regarding the threshold question of standing and ripeness.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S DUTY TO DEFEND**

29. In an action for a personal injury, "the local law of the state where the injury occurred determines the rights and liabilities of the parties . . ." Andrews v. Continental Ins. Co., 444 So. 2d 479, 481 (Fla. 5th DCA 1984).

30. "The duty to defend arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage." Stephens v. Mid-Continent Cas. Co., 749 F.3d 1318, 1323 (11th Cir. 2014) (quotation marks omitted).

31. Federal courts have found that "the duty to defend arises when the relevant pleadings allege facts that fairly and potentially bring the suit within policy coverage. **If** the underlying suit brings **even one claim that falls within the scope of coverage**, the insurer is obligated to provide a defense for the entire dispute." Land's End at Sunset Beach Cmty. Ass'n v. Aspen Specialty Ins. Co., 289 F. Supp. 3d 1259, 1265 (M.D. Fla. 2017).

32. "Any doubt about the duty to defend must be resolved in favor of the insured." Depositors Ins. Co. v. WTA Tour, Inc., 576 F. Supp. 3d 1066, 1073 (M.D. Fla. 2021).

33. "[E]ven when the allegations in the complaint are partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit."). Jones, Foster,

Johnston & Stubbs, PA v. ProSight-Syndicate 1110 at Lloyd's, 680 F. App'x 793, 797 (11th Cir. 2017).

34. The court in Scottsdale Ins. Co. v. Lock Towns Cmty. Mental Health Ctr., Inc., 442 F. Supp. 2d 1287, 1290 (S.D. Fla. 2006) held that "Even if a larger portion of the claims would be excluded, however, as long as some of the claims give rise to coverage, Scottsdale owed Locktowns a defense."

35. Turning to the instant declaratory action filed by Plaintiff Progressive, Defendant Bernadel respectfully asks this court to take judicial notice of the underlying wrongful death case filed in the Circuit Court of 17th Judicial Circuit, in and for Broward County, Case No. CACE-23-003146.

36. The Wrongful death case is a three (3) count complaint where Count I alleges Battery against Christopher Bernadel; Count II alleges Negligence against Uber and Count III alleges negligence against Rasier.

37. Even if this Court finds that Count I for battery in the underlying death case falls outside the scope of coverage, Counts II and III are claims for negligence. As the 11th Circuit had held, "even when the allegations in the complaint are partially within and partially outside the coverage of the policy, the insurer is obligated to defend the entire suit." Jones, Foster, Johnston & Stubbs, PA v. ProSight-Syndicate 1110 at Lloyd's, 680 F. App'x 793, 797 (11th Cir. 2017). In other words, some of the claims in the underlying wrongful death action give rise to coverage. Therefore, Progressive owes the defendants Christopher Bernadel, Uber and Rasier a duty to defend the entire case.

38. In Progressive's Amended Complaint, Progressive alleges that "Progressive is in doubt with respect to its rights, duties, and obligations under the Policy 1 and Policy 2-3 period

. . ."[2] Because Plaintiff has self-admitted in the pleading that there is a doubt over its duty to defend, this doubt must be resolved in favor of the insureds. "Any doubt about the duty to defend must be resolved in favor of the insured." Depositors Ins. Co. v. WTA Tour, Inc., 576 F. Supp. 3d 1066, 1073 (M.D. Fla. 2021).

WHEREFORE Defendant Christopher Bernadel respectfully asks this Court to enter judgment on the pleadings and find that Progressive has a duty to the defend the underlying wrongful death case filed in Broward County and also find that Progressive's declaratory action is premature since the underlying case in Broward remains pending. Defendant Bernadel also prayers this honorable Court to grant such other and further relief this Court deems just and proper.

Dated: November 6, 2023.

                                                        Respectfully submitted.

/s/ *Byron Acosta, Esq.*
Byron Acosta, Esquire (1039193)
byron@lawofficebyronacosta.com
Florida Bar. No. 1039193
BYRON ACOSTA, P.A.
Attorneys for Christopher Bernadel
8461 Lake Worth Rd., Suite 466
Lake Worth, FL 33467
Phone: 561-805-3580
Fax: 561-805-3601

---

[2] Page 13, paragraph 66 of Plaintiff's Amended Complaint.

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

/s/ *Byron Acosta, Esq.*
Byron Acosta
Florida Bar No.: 1039193

**SERVICE LIST**

**Counsel for Rasier-DC, LLC and Uber Technologies, Inc.**
Jane Anderson, Esquire (045942) janderson@boydjen.com
Kelly L. Gillis, Esquire (68642) kgillis@boydjen.com
BOYD & JENERETTE, P.A.
Attorneys for Rasier-DC, LLC and Uber Technologies, Inc.
201 N. Hogan St., Suite 400
Jacksonville, FL 32202
Phone: (904) 353-6241
Fax: (904) 493-5657

**Counsel for April N. McGlashan**
Todd R. Falzone, Esquire (975184)
trf@kulaw.com
Sean H. Parys, Esquire (1007701)
shp@kulaw.com
KELLEY UUSTAL
Attorneys for April McGlashan
500 North Federal Highway – Suite 200 Fort Lauderdale, FL 33301
Phone: (954) 522-6601
Fax: (954) 522-6608

**Counsel for Progressive Insurance**
Patrick K. Dahl, Esquire (084109)
pdahl@morganakins.com
Florida Bar No. 084109
**MORGAN & AKINS, PLLC**

Attorneys for Progressive Express Insurance Company
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010